**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| **AHARON SOLOMON, Ph.D.,**<br>Plaintiff,<br>v.<br>**STANDARD INSURANCE COMPANY d/b/a THE STANDARD INSURANCE COMPANY,**<br>as successor to and/or entity responsible for claims administration of the Anthem Life long-term disability coverage at issue,<br>Defendant. | )<br>) Case No. 1:26-cv-05111<br>)<br>) Judge Mary M. Rowland<br>)<br>) Magistrate Judge Albert Berry III<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT**

**INTRODUCTION**

Defendant Standard Insurance Company ("Standard") has moved under Rule 12(b)(6) to dismiss Count II with prejudice, arguing that because the Employee Retirement Income Security Act of 1974 ("ERISA") affords Plaintiff a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), equitable relief under § 1132(a)(3) is unavailable as a matter of law. (Dkt. 12 ¶ 3, PageID #125; Dkt. 13 at 2–4, PageID #128–130.) Standard's memorandum does not cite the Seventh Circuit's later published decision directly addressing alternative pleading under §§ 1132(a)(1)(B) and 1132(a)(3).

That decision is *Dean v. National Production Workers Union Severance Trust Plan*, 46 F.4th 535 (7th Cir. 2022). There, defendants made Standard's argument—that the court should "ignore plaintiffs' § 502(a)(3) theory because it relies on the same facts and seeks the same relief as their § 502(a)(1)(B) theory"—and the Seventh Circuit rejected it as "a crabbed view of the

ability to plead alternative claims that ignores the Supreme Court's analysis in *CIGNA*." *Id.* at 545–46. "Participants may still plead the two claims in the alternative." *Id.* at 544. *Dean* also confirms what an equitable count must supply: an identified statutory or contractual violation and a request for appropriate equitable relief. *Id.* at 544–46. Count II supplies both, as shown below. This Court has applied the same rule. In *Futterman v. United Employee Benefit Fund*, No. 20 CV 6722, 2021 WL 5163302 (N.D. Ill. Nov. 5, 2021), this Court declined to dismiss § 1132(a)(1)(B) and § 1132(a)(3) theories pled together, because "this case is still at the pleadings stage" and "[d]istrict courts in this circuit permit plaintiffs to plead claims under both subsections as alternative theories." *Id.*, slip op. at 8 (citing *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 195 (N.D. Ill. 2020) (collecting cases)).

Count II was pled precisely as that authority contemplates: "[i]n the alternative to Count I, and to the extent that the relief available under ERISA § 502(a)(1)(B) is determined to be inadequate." (Dkt. 1 ¶ 55, PageID #12.) It rests on identified statutory and regulatory violations—29 U.S.C. § 1133 and five enumerated subsections of 29 C.F.R. § 2560.503-1 (Dkt. 1 ¶¶ 56–58, PageID #12–13)—and, unlike Count I, its prayer contains no express request for past-due or continuing LTD benefits: it seeks a declaration, compliant reprocessing or remand, production of the administrative record, costs and fees, and other just relief. (Dkt. 1 at 14–15, PageID #14–15.) Plaintiff seeks no double recovery under the two counts and does not ask for the same LTD benefits twice. Accordingly Defendant’s Motion to Dismiss should be denied

In the alternative, any dismissal should be ***without prejudice*** and with leave to amend—particularly because Standard's own Answer pleads that Count I is barred by non-exhaustion, by a contractual reconsideration precondition, and by a contractual limitations period (Dkt. 11 at 18,

PageID #119), defenses that, if sustained, could make Count II Plaintiff's only remaining asserted remedial avenue under ERISA.

**BACKGROUND**

Plaintiff became disabled and ceased working on January 5, 2021. Anthem Life Insurance Company approved his long term disability ("LTD") claim with benefits effective April 6, 2021, and terminated benefits by letter dated May 5, 2023. (Dkt. 1 ¶¶ 15–16, 22, PageID #4, 6.) Count I seeks recovery of benefits under § 1132(a)(1)(B). (Dkt. 1 ¶¶ 48–53, PageID #10–11.) Count II, pled in the alternative, alleges that the May 5, 2023 adverse determination violated ERISA's claims-procedure requirements: it failed to cite the specific limitation provision relied upon, failed to discuss the basis for disagreeing with Plaintiff's treating providers and with the plan's own October 31, 2022 clinical reviewer, failed to address the Social Security disability determination, and failed to disclose the internal rules applied. (Dkt. 1 ¶ 58(a)–(e), PageID #13.)

Those allegations are not merely accepted as true at this stage; the first is partially admitted. Standard's Answer admits the denial letter "did not quote the Plan's provision for Long Term Disability Limitations." (Dkt. 11, Answer ¶ 27, PageID #112.) It is undisputed that no reconsideration decision issued. (Dkt. 11, Answer ¶ 38, PageID #114.)

On July 21, 2026, Standard answered Count I (Dkt. 11) — electing not to test it on the pleadings — and simultaneously moved to dismiss Count II with prejudice (Dkt. 12, 13). Among its sixteen defenses, Standard pleads that Plaintiff's failure to exhaust "bars his lawsuit for payment of Plan benefits" (Third Defense), that suit is barred by the Plan's reconsideration precondition (Fourth Defense), and that the action is contractually time-barred (Fifth Defense). (Dkt. 11 at 18, PageID #119.)

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits. The Court accepts all well-pleaded allegations as true and draws all reasonable inferences in Plaintiff's favor. *Bilek v. Federal Insurance Co.*, 8 F.4th 581, 586–87 (7th Cir. 2021); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

### I. Binding Circuit Authority — and This Court's Own Decision — Permit Pleading § 1132(a)(1)(B) and § 1132(a)(3) Claims in the Alternative.

In *Dean*, the Seventh Circuit confronted the precise argument Standard advances. The defendants there urged the court to "ignore plaintiffs' § 502(a)(3) theory because it relies on the same facts and seeks the same relief as their § 502(a)(1)(B) theory." 46 F.4th at 545–46. The court refused: "that is a crabbed view of the ability to plead alternative claims that ignores the Supreme Court's analysis in *CIGNA*," where the Supreme Court held reformation unavailable under § 502(a)(1)(B) yet available under § 502(a)(3). *Id.* (citing *CIGNA Corp. v. Amara*, 563 U.S. 421, 438–42 (2011)). Even though the Plaintiffs substantive claim there failed the procedural rule remains the law. The anti-duplication rule of *Varity Corp. v. Howe*, 516 U.S. 489 (1996), governs what a plaintiff may ultimately *recover*; it does not forbid what he may *plead*. "Participants may still plead the two claims in the alternative." *Dean*, 46 F.4th at 544.

*Dean* post-dates the older Northern District of Illinois decisions Standard cites—including *Jurgovan v. ITI Enterprises*, 03 C 4627 (2004), *Schultz v. Prudential Life Ins. Co of America*, 730

F.Supp.2d 830 (2010), *Zuckerman v. Mutual of Omaha Life Ins. Co,. 09 cv 4819* (2010), *Jacobs* v. *Guardian Life Ins. Co. of America, 730 F. Supp 845* (2010), *Krase v. Life Ins. Co of America*, 11 cv 7659 (2012), *Nemitz* v. *Metropolitan Life Ins. Co*., 12 cv 8039 (2013), *Sexton v. Standard Ins. Co., 13 cv 7761* (2014), *Andujar v. Sun Life Ins. Co., 13 cv* (2014), and *Gibbs v. Paul Revere Life Ins. Co., 13 cv 8878* (2014)—and Standard's memorandum does not cite or address *Dean*. (Dkt. 13 at 4–7, PageID #130–133.) The two 2026 unpublished district orders Standard cites, *Sakwa* and *Little*, are addressed below.

This Court has already drawn the controlling line. In *Futterman*, the defendants argued that the plaintiff "impermissibly asserts recovery under both section 502(a)(3) and section 502(a)(1)(B)." This Court acknowledged that "at the conclusion of the suit, 'a plaintiff is not entitled to equitable relief for claims already covered by the statute,'" quoting *Day*, 335 F.R.D. at 195—"[b]ut this case is still at the pleadings stage. District courts in this circuit permit plaintiffs to plead claims under both subsections as alternative theories." Slip op. at 8. The Court "decline[d] to dismiss" the alternative theories. *Id.* That timing distinction—no duplicate equitable recovery at the conclusion, alternative theories at the pleading stage—supports denial here. Those pre-*Dean* district decisions do not displace *Dean*'s later, binding analysis; the question at this stage is whether Count II identifies a statutory or plan violation and seeks relief distinct from the benefits requested in Count I.

## II. Count II Supplies What Dean Requires: Identified Violations and Distinct Relief.

### *A. The statutory anchor.*

The *Dean* plaintiffs lost their § 502(a)(3) claim for one reason: they identified no ERISA provision or plan term the defendants had violated — "[w]ithout any contractual or statutory dock

to moor their legal theory, plaintiffs fail[ed] to state a claim." 46 F.4th at 546. Count II has the dock. It alleges violations of 29 U.S.C. § 1133 and of five specific subsections of the disability claims regulation — 29 C.F.R. § 2560.503-1(g)(1)(ii), (vii)(A)(i)–(iii), and (vii)(C) — each tied to an identified omission in the May 5, 2023 letter. (Dkt. 1 ¶¶ 56–58, PageID #12–13.) One of those omissions is admitted: Standard admits the May 5, 2023 letter "did not quote the Plan's provision for Long Term Disability Limitations," while denying the remainder of the allegation. (Dkt. 11, Answer ¶ 27, PageID #112.) The Complaint further alleges fiduciary breach in the manner of claim administration, including termination through a procedurally noncompliant denial and reliance on a psychological independent medical evaluation despite documented neurological features. (Dkt. 1 ¶¶ 61–62, PageID #14.)

### *B. The relief sought is genuinely different — the filed prayers show it.*

Standard asserts that Count II "also seeks payment of the same disability benefits under the Plan." (Dkt. 13 at 2, PageID #128.) The filed pleading refutes that characterization. Count I's prayer seeks past-due LTD benefits, a declaration of continuing benefits, and related monetary relief. (Dkt. 1 at 11–12, PageID #11–12.) Unlike Count I, Count II does not expressly request past-due or continuing LTD benefits. It asks for (A) a declaration that the denial letter violated the enumerated regulations, triggering deemed exhaustion; (B) an order requiring compliant reprocessing of the claim; (C) alternatively, remand; (D) production of the complete administrative record; (E)–(F) costs and fees; and (G) other just and proper relief. (Dkt. 1 at 14–15, PageID #14–15.) Procedural compliance, reprocessing, and record production are not "the same benefits twice." They redress a distinct injury—the deprivation of the full and fair review § 1133 guarantees—that persists whether or not benefits are ultimately awarded.

Paragraph 64 identifies surcharge, equitable estoppel, and reformation among the forms of relief recognized as equitable under § 1132(a)(3) after *Amara*. (Dkt. 1 ¶ 64, PageID #14.) Plaintiff need not elect among remedies at the pleading stage and expressly disclaims any duplicate recovery of the LTD benefits sought in Count I. Whether Plaintiff can ultimately establish the requirements for any particular equitable remedy is not presented by Standard's categorical duplication motion; at this stage, *Dean* permits alternative pleading of an adequately anchored § 1132(a)(3) theory.

### *C. Mondry, Gifford, and Artz Do Not Compel Dismissal of Count II.*

*Mondry v. American Family Mutual Insurance Co.* supplies both sides of the governing rule, not only the side Standard quotes. The panel held that Mondry's claim under § 1132(a)(3) for $303.89 in unpaid reimbursement was barred because that sum was recoverable, if at all, under § 1132(a)(1)(B)—the holding Standard relies on. (Dkt. 13 at 4, PageID #130.) But the same opinion held, on the following page, that Mondry had "a viable claim" under § 1132(a)(3) for the lost time value of the money she was forced to expend before her belated reimbursement, because that relief—restitution for delay, absent a plan provision granting interest on past-due benefits—was not recoverable under § 1132(a)(1)(B) at all. 557 F.3d at 805–06. That surviving theory rested on independent statutory anchors—American Family's document-disclosure violation under 29 U.S.C. § 1024(b)(4) and its fiduciary obligations under § 1104(a)(1)—just as Count II rests on § 1133 and the enumerated subsections of 29 C.F.R. § 2560.503-1(g). *Id.* at 805–08. *Mondry* therefore illustrates, rather than forecloses, the distinction Count II draws: where the relief sought is genuinely unavailable under § 1132(a)(1)(B), § 1132(a)(3) remains open. *Dean* confirms the two theories may be pleaded together at this stage; each must still supply its own statutory or plan violation and seek appropriate equitable relief. 46 F.4th at 544–46.

*Artz v. Hartford Life &Accident Ins. Co.*, 100 F4th 921 does not change the analysis: it addresses § 1133 compliance solely within the merits of a § 1132(a)(1)(B) claim and never reaches § 1132(a)(3). 100 F.4th at 927. *Gifford* does not compel dismissal here. There, on summary judgment—after the § 1132(a)(1)(B) benefits claim had already been adjudicated on a complete administrative record—the Seventh Circuit agreed that the estate's remaining equitable-relief theory, that the Summary Plan Description inadequately defined "emergency," was "really a repackaging" of the benefits claim already decided against it. *Estate of Gifford v. Operating Engineers 139 Health Benefit Fund*, 126 F.4th 509 (7th Cir.), *cert. denied*, 145 S. Ct. 2818 (2025), slip op. at 22–23. *Gifford*'s procedural posture forecloses its application here: the court reviewed a developed record showing the equitable theory added nothing beyond a benefits claim it had already resolved, and had no occasion to address dismissal with prejudice under Rule 12(b)(6) or leave to amend under Rule 15. Count II, by contrast, is at the pleading stage, identifies violations of § 1133 and five specific subsections of 29 C.F.R. § 2560.503-1(g) that Standard's own Answer partially admits, and—unlike the estate's Summary Plan Description theory in *Gifford*—seeks relief (reprocessing, record production, a declaration triggering deemed exhaustion) that remains available regardless of the outcome on Count I. Standard cannot invoke *Gifford* and *Artz* to fold § 1133 compliance entirely into Count I while simultaneously pleading, as its Third, Fourth, and Fifth Defenses, that Count I is barred outright. (Dkt. 11 at 18, PageID #119.) If the Court nonetheless concludes that Count II does not adequately plead a distinct injury and an appropriate equitable remedy, the correct disposition is dismissal without prejudice with leave to amend, not dismissal with prejudice, for the reasons set out in Part IV, *infra*.

**III. Standard's Authorities Are Distinguishable, and One Is No Longer Good Guidance on the Scope of § 1132(a)(3) Relief.**

***A. Sakwa.***

Standard's principal recent authority, *Sakwa v. Hartford Life & Accident Insurance Co.*, No. 1:25-cv-04546 (N.D. Ill. Mar. 25, 2026), cited five times in its memorandum, is materially narrower than Standard's summary suggests. First, the equitable count was independently time-barred under ERISA's three-year fiduciary limitations period, 29 U.S.C. § 1113—a ground Standard does not assert against Count II in this motion and that the *Sakwa* plaintiff waived by failing to address it. Second, the duplication holding relied on the plaintiff's own concession that his equitable count was "another road to the same destination" as his benefits count; the court characterized the claim as "an attempt to circumvent the statute of limitations by artfully pleading a claim that is not genuinely distinct." Slip op. at 7–8. The duplication holding did not rest on that concession alone: the court invoked *Varity*, 516 U.S. at 515, and *Griffin*, 909 F.3d at 846, as independent support. Slip op. at 8. Plaintiff here concedes nothing of the kind, and Count II is not a workaround for a time-barred claim—it is the conditional alternative the Complaint pleads on its face. (Dkt. 1 ¶ 55, PageID #12.)

***B. Little and Griffin.***

Little v. Essex Group, Inc., 1: 25 cv 456, is distinguishable. There, the operative complaint cited only § 1132(a)(1)(B); the court construed the prayer's request for "appropriate equitable relief under ERISA," together with an allegation that one defendant was a fiduciary, as a possible § 1132(a)(3) claim. The court dismissed that inferred claim because the complaint alleged no facts supporting § 1132(a)(3) distinct from the denial-of-benefits allegations. *Little, supra*, No. 1:25-

CV-456- slip op. at 3, 12–13 (N.D. Ind. July 14, 2026). Count II, by contrast, is expressly and separately pleaded under § 1132(a)(3), identifies § 1133 and specific provisions of the disability regulation, and alleges a distinct procedural injury for which it seeks relief different from the benefits requested in Count I.

And in *Griffin v. Teamcare*, 909 F.3d 842, 846 (7th Cir. 2018), the sentence Standard quotes follows the court's observation that "Dr. Griffin does not contest the district court's dismissal of her second claim as duplicative of the first" — the proposition was recited as uncontested background, not adjudicated. *Dean*, decided four years later, is the circuit's considered treatment of the pleading question.

### *C. The Kenseth quotation.*

At page 7 of its memorandum, Standard quotes *Jacobs v. Guardian Life Insurance Co. of America*, 730 F. Supp. 2d 830, 845 (N.D. Ill. 2010), quoting *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010), for the proposition that a plaintiff "may not obtain comparable relief under the guise of a claim for breach of fiduciary duty." (Dkt. 13 at 7, PageID #133.) The Seventh Circuit revisited that very holding after *Amara*, in the same case: "*CIGNA* substantially changes our understanding of the equitable relief available under section 1132(a)(3). . . . We now know that, in appropriate circumstances, that relief is available under section 1132(a)(3)." *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 891–92 (7th Cir. 2013). The anti-duplication principle survives; the remedial limitation Standard's quotation carries does not.

**IV. In the Alternative, Any Dismissal Should Be Without Prejudice and With Leave to Amend.**

If the Court dismisses Count II, dismissal should be without prejudice and with leave to amend. See Fed. R. Civ. P. 15(a)(2); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). The Seventh Circuit reaffirmed that standard last month, reversing a futility-based denial of leave to amend and repeating *Runnion*'s rule that "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Agee v. Hickenbottom*, Nos. 25-1737 & 25-2180 (7th Cir. July 17, 2026) (quoting *Runnion*, 786 F.3d at 519–20).

Prematurity also defeats Standard's request for dismissal with prejudice. Standard's memorandum says the procedural violations Count II alleges "are all considered in the context of the Court's adjudication of his claim for benefits under § 1132(a)(1)(B)." (Dkt. 13 at 5, PageID #131.) Yet Standard's Answer pleads that Count I is barred—by non-exhaustion (Third Defense), by the Plan's reconsideration precondition (Fourth Defense), and by a contractual limitations period (Fifth Defense). (Dkt. 11 at 18, PageID #119.) Those threshold defenses leave unresolved whether the § 1132(a)(1)(B) remedy Standard calls adequate will be adjudicated. *Varity* explains that equitable relief under § 1132(a)(3) generally is not "appropriate" where Congress "elsewhere provided adequate relief for a beneficiary's injury." 516 U.S. at 515. If any threshold defense prevails, Count II may be Plaintiff's only remaining asserted avenue to seek redress for the alleged procedural violations, including the admitted omission. The Court should not foreclose that avenue before the adequacy of the benefits remedy is resolved. Accordingly, any dismissal should be

without prejudice, with express leave to replead under § 1132(a)(3) should the Court later hold Count I barred.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Standard's Motion to Dismiss Count II. In the alternative, Plaintiff requests that any dismissal be without prejudice and with leave to amend, and that the Court grant such other relief as is just.

Dated: August 18, 2026
Respectfully submitted,

Richard D. Grossman
Law Offices of Richard Grossman
135 S. LaSalle Street, Suite 3950
Chicago, IL 60603
(312) 750-9308 | rgat135@gmail.com
ARDC No. 1072641 | Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on August 18, 2026, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing to the following attorneys:

Jacqueline J. Herring
HINSHAW & CULBERTSON LLP
151 N. Franklin Street, Suite 2500
Chicago, Illinois 60606
jherring@hinshawlaw.com

/s/ *Richard D. Grossman*
Richard D. Grossman