**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **AHARON SOLOMON, Ph.D.** | ) | |
| | ) | **Case No. 1:26-cv-05111** |
| ***Plaintiff*** | ) | |
| | ) | **Judge Mary M. Rowland** |
| ***v.*** | ) | |
| | ) | **Magistrate Judge Albert Berry III** |
| **STANDARD INSURANCE COMPANY d/b/a THE STANDARD INSURANCE COMPANY, as successor to and/or entity responsible for claims administration of the Anthem Life long-term disability coverage at issue** | ) | |
| | ) | |
| ***Defendant*** | ) | |

**STANDARD INSURANCE COMPANY'S REPLY TO**
**MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT**

Defendant, Standard Insurance Company ("Standard"), by its attorney, Jacqueline J. Herring of Hinshaw & Culbertson LLP, hereby submits its Reply to Motion to Dismiss Count II of the Complaint filed by plaintiff, Aharon Solomon, Ph.D.

## INTRODUCTION

Plaintiff Aharon Solomon, Ph.D. ("Solomon") seeks payment of additional disability benefits under the ERISA Plan. Count I of his Complaint is a claim for payment of benefits under 29 U.S.C. §1132(a)(1)(B), ERISA §502(a)(1)(B), that Standard answered. (Compl. ¶¶ 48-53). Count II is an impermissible duplicative claim seeking payment of the same Plan benefits that Solomon purports to assert under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), due to alleged regulatory violations and procedural deficiencies in Standard's May 5, 2023 letter. (Compl. ¶¶ 54-58).

Solomon's claim for payment of ERISA plan benefits and alleged procedural deficiencies in administration of his claim for benefits falls under ERISA §1132(a)(1)(B). A participant who

can state a claim for relief under §1132(a)(1)(B) is legally barred from asserting a claim for equitable relief under ERISA's "catchall" provision in §1132(a)(3). Solomon is legally precluded from asserting a repackaged claim for purported equitable relief under §1132(a)(3) in Count II. Count II of his Complaint should be dismissed with prejudice.

**ARGUMENT**

**I. ERISA Precludes Solomon's Claim Under §1132(a)(3) in Count II.**

It is well established by the Supreme Court that 29 U.S.C. §1132(a)(1)(B), ERISA §502(a)(1)(B), provides the exclusive remedy for plan participants seeking payment of plan benefits and alleged breaches of fiduciary duty in administration of claims for plan benefits. Congress enacted §1132(a)(3), ERISA §502(a)(3), as ERISA's "catchall" provision to provide a "safety net, offering appropriate equitable relief" only when ERISA affords no other statutory remedy. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).

When a participant can assert a claim for relief under §1132(a)(1)(B), then the participant is barred from seeking relief under §1132(a)(3). *Varity Corp.*, 516 U.S. at 512. "Equitable relief under section 1132(a)(3) is available only when Congress did not provide relief elsewhere." *Griffin v. Teamcare*, 909 F.3d 842, 846 (7th Cir. 2018); *accord Sakwa v. Hartford Life & Accident Ins. Co.*, No. 1:25-cv-04546, 2026 U.S. Dist. LEXIS 63173, at *11 (N.D. Ill. Mar. 25, 2026); *Blackledge v. UPS*, No. 1:22-cv-01947-SEB-MG, 2024 U.S. Dist. LEXIS 170016, at *24 (S.D. Ind. Sept. 20, 2024).

Solomon's claim in Count II for equitable relief under §1132(a)(3) is simply a repackaged claim for payment of benefits that is remedied under §1132(a)(1)(B). A participant who can state a claim for payment of benefits under §1132(a)(1)(B) is legally barred from asserting a duplicative equitable claim under §1132(a)(3). *Varity Corp.*, 516 U.S. at 512; *Griffin*, 909 F.3d

at 846; *Mondry v. American Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009); *Sumpter v. Metropolitan Life Ins. Co.*, 683 F. App'x 519, 521 (7th Cir. 2017); *Little v. Essex Grp., Inc.*, No. 1:25-CV-456-HAB-ALT, 2026 U.S. Dist. LEXIS 157824, at *17-18 (N.D. Ind. July 14, 2026); *Sakwa*, 2026 U.S. Dist. LEXIS 63173, at *11.

Solomon, in his Response, asserts that the relief sought in Count I is "genuinely different" from that in Count II. He contends Count II does not seek benefits at all, but rather simply seeks redress in the form of claim "reprocessing" for the "deprivation of the full and fair review §1133 guarantees" due to the alleged regulatory procedural violations. (Pl. Resp. pgs. 6-7). His Complaint alleges that Standard "breached their fiduciary duties," by issuing a "procedurally noncompliant denial letter," and improperly evaluating the evidence during administration of his claim for payment of benefits. (Compl. ¶¶ 62, 56-60). He alleges that as a result of the deficiencies in claim administration, he was denied "the full and fair review required by ERISA §503 and 29 U.S.C. §1133." (Compl. ¶ 63). In his claim for benefits in Count I, Solomon similarly alleges that these alleged procedural violations excuse his failure to exhaust his administrative remedies because his "Administrative remedies are deemed exhausted." (Compl. ¶¶ 28-37, 48).

While Solomon purports to disavow any claim for benefits in Count II, the obvious purpose of his demand for "reprocessing" his claim is to obtain payment of disability benefits under the Plan. Otherwise, any claim "reprocessing" would be pointless. Plainly Solomon's goal in seeking "reprocessing" of his claim for disability benefits is to create another opportunity to obtain Plan benefits despite his failure to pursue the administrative appeal remedies that were available to him that he eschewed at the time his claim was denied three years ago on May 5, 2023. (Compl. ¶¶ 28, 34-37, 48).

Solomon is attempting to circumvent his failure to exhaust administrative remedies "by artfully pleading a claim that is not genuinely distinct" from his claim for benefits in Count I under §1132(a)(1)(B). *Sakwa*, 2026 U.S. Dist. LEXIS 63173, at *12. But an alleged failure to provide a full and fair review and purported regulatory violations in administering a claim for payment of ERISA plan benefits do not create a distinct claim for relief under §1132(a)(3). Rather the alleged procedural violations are remedied through claims for benefits under §1132(a)(1)(B).

As held by the Supreme Court, §1132(a)(1)(B) "specifically provides a remedy for breaches of fiduciary duty with respect to the interpretation of plan documents and the payment of claims … that runs directly to the injured beneficiary." *Varity Corp.*, 516 U.S. at 512. Alleged "procedural injur[ies]" for deficiencies in ERISA claim administration are remedied under §1132(a)(1)(B). *Sakwa*, 2026 U.S. Dist. LEXIS 63173, at *12. In assessing Solomon's claim in Count I for payment of ERISA Plan benefits under §1132(a)(1)(B), the Court considers whether ALIC "afforded the claimant an opportunity for a full and fair review." *Estate of Gifford v. Operating Eng'rs 139 Health Benefit Fund*, 126 F.4th 509, 517 (7th Cir.), *cert. denied*, 145 S. Ct. 2818 (2025). The requirements of 29 U.S.C. §1133 are incorporated in judicial review, including "whether [administrator] communicated 'specific reasons' for the denial of benefits and whether [claimant] received an opportunity for 'a full and fair review' of the decision." *Artz v. Hartford Life & Accident Ins. Co.*, 100 F.4th 921, 927 (7th Cir. 2024). "[C]ourts necessarily consider whether a fiduciary has maintained its obligations in determining whether a denial of benefits was proper" under §1132(a)(1)(B). *Nemitz v. Metropolitan Life Ins. Co.*, No. 12 C 8039, 2013 U.S. Dist. LEXIS 106850, at *8-9 (N.D. Ill. July 31, 2013).

Regardless of the distinctions Solomon attempts to draw between Counts I and II, claims under ERISA's "catchall" provision in §1132(a)(3) are available only to participants for whom ERISA provides *no other available remedies*. *Varity Corp.*, 516 U.S. at 512. ERISA provides Solomon with a remedy under §1132(a)(1)(B) for the alleged procedural deficiencies in administering his claim and the resulting denial of benefits. Solomon is thus legally barred from seeking relief under ERISA's "catchall" provision in §1132(a)(3). *Sakwa*, 2026 U.S. Dist. LEXIS 63173, at *11 ("'[E]quitable relief under section 1132(a)(3) is available only when Congress did not provide relief elsewhere.'") (quoting *Griffin*, 909 F.3d at 846); *Sexton v. Standard Ins. Co.*, No. 13 C 7761, 2014 U.S. Dist. LEXIS 59614, at *3 (N.D. Ill. Apr. 30, 2014) ("Numerous courts in this district agree that a plaintiff cannot pursue a claim under §502(a)(3) if a claim for benefits is available under §502(a)(1)(B)."); *Krase v. Life Ins. Co. of N. Am.*, No. 11 C 1093, 2012 U.S. Dist. LEXIS 138837, at *7 (N.D. Ill. Sept. 27, 2012) (Courts in this district have "consistently dismissed claims for 'equitable relief' under subsection (a)(3) where relief is available under subsection (a)(1)(B) for denial of benefits.").

## II. Solomon has No Cognizable Claim Under §1132(a)(3) to Plead in the "Alternative."

Solomon, in his Response, contends that he is entitled to plead in the alternative both claims under §1132(a)(1)(B) and under §1132(a)(3). (Pl. Resp. pgs. 1-2, 4-5). But again, alternative pleading requires the viability of each claim in the alternative to the other, and Solomon has no viable claim under §1132(a)(3) due to the existence of a remedy under §1132(a)(1)(B). "[T]he fact that alternative pleading is proper under the Federal Rules is irrelevant under this court's interpretation of *Varity* because the existence of a claim for relief under §502(a)(1)(B) (as opposed to the receipt of actual relief under that section) means that

relief under §502(a)(3) is not available as a matter of law." *Jurgovan v. ITI Enters.*, No. 03 C 4627, 2004 Dist. LEXIS 11489, at *11 (N.D. Ill. June 23, 2004).

In the event the Court determines Solomon is not entitled to receive Plan benefits under §1132(a)(1)(B), he is not entitled to circumvent the Plan terms and seek benefits under §1132(a)(3). That Solomon fails to prevail on a claim for Plan benefits under §1132(a)(1)(B) and obtain the remedy ERISA provides, does not establish a basis to pursue an unavailable remedy under §1132(a)(3) as an "alternative." The issue is the *existence* of a remedy under §1132(a)(1)(B), not that Solomon *recovers* that remedy. "[T]he relevant inquiry under *Varity* and its progeny is not whether she can actually recover, but rather whether an adequate remedy is *available* under Section 1132(a)(1)(B)." *Schultz v. Prudential Ins. Co. of Am.*, 678 F. Supp. 2d 771, 780 (N.D. Ill. 2010) (emphasis added). *See Blackledge*, 2024 U.S. Dist. LEXIS 170016, at *24 ("Thus, where an ERISA plaintiff can attain an adequate remedy under §1132(a)(1)(B), he cannot repackage his benefit denial claim as a fiduciary breach claim under §1132(a)(3).").

ERISA does not guarantee victory to Solomon and impart relief under §1132(a)(3) as an "alternative" if he fails to obtain the statutory remedies afforded by §1132(a)(1)(B). "[A]dequate relief does not mean recovery, it means an adequate remedy is available." *Nemitz*, 2013 U.S. Dist. LEXIS 106850, at *10-11. *See Krase*, 2012 U.S. Dist. LEXIS 138837, at *11 ("The majority view is that the plaintiff's ultimate success is 'irrelevant; the pertinent inquiry is whether [the plaintiff] can state a claim under [§502(a)(1)(B)].'") (quoting *Zuckerman*, 2010 U.S. Dist. LEXIS 73207, at *21); *Jacobs, Jr. v. Guardian Life Ins. Co. of Am.*, 730 F. Supp. 2d 830, 845 (N.D. Ill. 2010) ("'Notwithstanding the obstacles to relief under section 1132(a)(1)(B), [a plaintiff] may not obtain comparable relief under the guise of a claim for breach of fiduciary

duty' pursuant to §1132(a)(3).") (quoting *Kenseth v. Dean Health Plan, Inc.*, 610 F.3d 452, 482 (7th Cir. 2010)).

To support his alternative pleading theory, Solomon relies on *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) and *Dean v. National Production Workers Union Severance Trust Plan*, 46 F.4th 535 (7th Cir. 2022), and cites to *Kenseth*, 722 F.3d 869, and to *Futterman v. United Employee Benefit Fund*, No. 20-cv-6722, 2021 U.S. Dist. LEXIS 214484 (N.D. Ill. Nov. 5, 2021), which cites *Day v. Humana Ins. Co.*, 335 F.R.D. 181, 196 (N.D. Ill. 2020). (Pl. Resp. pgs. 2, 3-5, 10).

Solomon's reliance on these cases is misplaced. The plaintiffs, unlike Solomon, had no *available* remedy under §1132(a)(1)(B). The *Amara* plaintiffs sought to recover retirement benefits that were no longer available under the plan due to changes in the benefits offered that were misrepresented by the plan administrator. The district court reformed the plan and awarded benefits based on the reformed terms pursuant to §1132(a)(1)(B). The Supreme Court held that reformation of the plan's terms was not an available remedy under §1132(a)(1)(B) but was permissible under §1132(a)(3). *Amara*, 563 U.S. at 439, 442. The relief sought by the *Amara* plaintiffs – benefits that were no longer provided by the plan – was not available under §1132(a)(1)(B). The plaintiffs in *Dean* sought rollover of retirement accounts, and the Seventh Circuit held "plaintiffs cannot pursue a claim under §502(a)(1)(B) for a rollover of their accounts." *Dean*, 46 F.4th at 544. The *Dean* plaintiffs had no available remedy under §1132(a)(1)(B).

In *Kenseth*, a plan administrator orally represented that the plan provided health coverage for surgery, when the plan did not in fact provide coverage. *Kenseth*, 722 F.3d at 881. Again, the plaintiff had no available remedy under §1132(a)(1)(B). Contrary to Solomon's contention,

*Kenseth* did not hold that duplicative claims were permissible. *Kenseth* acknowledged that *Amara* held monetary relief may potentially be sought as a form of equitable relief under §1132(a)(3), when prior authority found that monetary relief was legal and not equitable. *Id*. at 891-892. *Futterman* also did not involve a claim for payment of benefits that could be remedied under §1132(a)(1)(B). The participant sought to prevent reduction of a potential death benefit and to require termination of the Fund. *Futterman*, 2021 U.S. Dist. LEXIS 214484, at *4.

In addition, *Day*, on which *Futterman* relied, incorrectly applied *Amara* as modifying by implication the Supreme Court decision in *Varity Corp*. *Day*, 335 F.R.D. at 195. *Amara* does not support Solomon's alternative pleading theory or overrule *Varity Corp*. Again, the relief sought by the *Amara* plaintiffs was not available under §1132(a)(1)(B). *Amara* did not vitiate *Varity Corp.* or change the well settled law that when relief is available under §1132(a)(1)(B), claims under §1132(a)(3) are not available as a matter of law. "*Amara* simply held that a plaintiff may seek monetary relief under §502(a)(3) where relief is not available under a separate section of ERISA." *Nemitz*, 2013 U.S. Dist. LEXIS 106850, at *10. *See Krase v. Life Ins. Co. of N. Am.*, No. 11 C 7659, 2012 U.S. Dist. LEXIS 138837, at *12 n.5 (N.D. Ill. Sept. 27, 2012) ("[W]e do not read *Amara* to alter the rule announced in *Varity* and its progeny …. [R]elief is available under subsection (a)(1)(B) and therefore unavailable under subsection (a)(3).") (citing *Biglands v. Raytheon Emp. Sav. & Inv. Plan*, 801 F. Supp. 2d 781, 786 (N.D. Ind. 2011)).

The Supreme Court has made clear that prior precedent is not overruled by implication. "[W]e do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent. We reaffirm that if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the

prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (cleaned up). *See United States v. White*, 97 F.4th 532, 539 (7th Cir. 2024) ("[T]he Supreme Court has instructed us to resist invitations to find its decisions overruled by implication.") (citing *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023)).

**CONCLUSION**

Solomon's exclusive remedy lies within §1132(a)(1)(B). He is precluded, as a matter of law, from repackaging his claim for Plan benefits as a separate claim for equitable relief under the rubric of §1132(a)(3). Solomon has no legally cognizable claim under §1132(a)(3), warranting dismissal with prejudice of Count II.

Respectfully submitted,

By: */s/ Jacqueline J. Herring*
Attorney for Defendant,
Standard Insurance Company

Jacqueline J. Herring (IL 6282246)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
P 312.704.3975 | F 312.704.3001
jherring@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

Richard D. Grossman
Law Offices of Richard Grossman
135 South LaSalle Street, Suite 3950
Chicago, Illinois 60603
rgat135@gmail.com

*/s/ Jacqueline J. Herring*
HINSHAW & CULBERTSON LLP
151 North Franklin St. Suite 2500
Chicago, Illinois 60606
P 312.704.3975 | F 312.704.3001
JHerring@hinshawlaw.com
Ill. Bar No. 6282246