**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **AHARON SOLOMON, Ph.D.** | ) | |
| | ) | **Case No. 1:26-cv-05111** |
| ***Plaintiff*** | ) | |
| | ) | **Judge Mary M. Rowland** |
| ***v.*** | ) | |
| | ) | **Magistrate Judge Albert Berry III** |
| **STANDARD INSURANCE COMPANY d/b/a THE STANDARD INSURANCE COMPANY, as successor to and/or entity responsible for claims administration of the Anthem Life long-term disability coverage at issue** | ) | |
| | ) | |
| ***Defendant*** | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff, Aharon Solomon, Ph.D. ("Plaintiff"), by his attorney Richard D. Grossman of Law Offices of Richard Grossman, and Defendant Standard Insurance Company ("Standard"), by its attorney, Jacqueline J. Herring of Hinshaw & Culbertson LLP, submit this Joint Initial Status Report pursuant to the Court's September 14, 2026 Order (Doc 17):

## I. Nature of the Case:

A. Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel:

*Lead Attorney for Plaintiff Aharon Solomon, Ph.D.*
Richard D. Grossman
Law Offices of Richard Grossman
135 South LaSalle Street, Suite 3950
Chicago, Illinois 60603
(312) 750-9308
rgat135@gmail.com

*Lead Attorney for Defendant Standard Insurance Company*
Jacqueline J. Herring
HINSHAW & CULBERTSON LLP
151 North Franklin St. Suite 2500
Chicago, Illinois 60606
(312) 704-3975
JHerring@hinshawlaw.com

B. State the basis for federal jurisdiction. If federal question, identify all federal statutes on which such jurisdiction is based. If based on diversity, specify citizenship or domicile of all parties, and whether the parties agree that the amount in controversy exceeds the required threshold.

Note: Parties should review Seventh Circuit case law about the difference between "residence" and "citizenship" for purposes of diversity jurisdiction. Further, if any party is an unincorporated association, partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and citizenship(s) of each and every partner/member of each such entity:

Jurisdiction is based on the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA"), specifically 29 U.S.C. §1132(e)(1), and pursuant to 28 U.S.C. §1331.

C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses:

Plaintiff's Complaint, in Count I, pursuant to ERISA, 29 U.S.C. §1132(a)(1)(B), seeks payment of disability benefits under an employee welfare benefit Plan governed by ERISA and insured by Defendant. Defendant filed an Answer to Count I. In Count II, Plaintiff asserted a claim for equitable relief under ERISA, 29 U.S.C. §1132(a)(3). Defendant filed a motion to dismiss Count II.

No Counterclaims have been filed. Defendant's defenses include that Plaintiff's claim for Plan benefits is barred by his failure to exhaust administrative remedies under ERISA and the Plan; that Plaintiff waived his claim that administrative remedies were "deemed exhausted"; that Plaintiff's claim is contractually and legally time barred; that Plaintiff received the maximum 24

months of benefits provided by the Plan for his Mental Illness; and that the Plan confers Defendant with discretionary authority, triggering judicial review under the deferential arbitrary and capricious standard, and Defendant's determination that Plaintiff failed to satisfy the Plan's terms was reasonable and not arbitrary or capricious.

D. Describe the relief sought by the plaintiff(s):

E. State the major legal and factual issues anticipated in the case:

Major legal and factual issues include: (i) whether Defendant's determination that Plaintiff failed to satisfy the Plan's terms was reasonable and not arbitrary or capricious; (ii) whether Plaintiff's failure to exhaust administrative remedies under ERISA and the Plan bars his claim for payment of Plan benefits or if his administrative remedies were "deemed exhausted"; (iii) whether Plaintiff's claim is contractually and legally time barred; (iv) whether the nature of Plaintiff's disability was a neural or a mental illness and whether the Defendant's analysis of Plaintiff's disability was properly analyzed by its expert; (v) whether Plaintiff's employment and substantial earnings precludes his qualification for Plan benefits; and (vi) whether Plaintiff states a plausible claim in Count II for relief under ERISA, 29 U.S.C. §1132(a)(3), which is the subject of Defendant's Motion to Dismiss

F. List the names of any parties who have not yet been served. If Plaintiff has failed to complete service of process on all defendants, then counsel must describe the efforts to perfect service to date, and provide an estimate for completion of service consistent with Federal Rule of Civil Procedure 4:

The only Defendant has been served.

G. Propose a date by which plaintiff(s) must amend pleadings and/or add parties:

## II. <u>Discovery and Pending Motions:</u>

A. Describe the general type of discovery needed:

Generally, the Court's review of an ERISA determination is limited to judicial review of the Administrative Record. Accordingly, the parties propose a modified discovery plan. In lieu of Initial Disclosures, the parties propose that Defendant will produce a copy of the Administrative Record to Plaintiff by November 6, 2026. If the parties are unable to agree on discovery, any motions for leave to conduct discovery to be filed no later than November 20, 2026.

Defendant intends to pursue limited document discovery regarding Plaintiff's return to work, including (i) a third-party document subpoena for records to Plaintiff's employer, Syneos Health US, Inc., to obtain records of Plaintiff's work, including job duties and type of work, and work earnings; and (ii) written discovery to Plaintiff regarding his employment information and financial records of earnings. Plaintiff received 24 months of Plan benefits, the maximum provided for Mental Illness. His claim closed April 2023. Plaintiff, in publicly filed and verified documents in his divorce proceeding, attested that he returned to work for Syneos Health US, Inc. from March 27, 2023 to December 20, 2024, when he was involuntarily terminated, with annual earnings of approximately $280,000.

B. Provide dates for: (1) Rule 26(a)(1) disclosures; (2) issuing the first-set of written discovery requests; (3) fact discovery completion: N/A

C. At this time, do the parties anticipate there will be expert discovery? N/A

D. Briefly describe any currently pending motions or anticipated motions:

Defendant has a pending Motion to Dismiss Count II of Plaintiff's Complaint. Defendant anticipates filing a motion for leave to conduct discovery if the parties are unable to agree.

E. State whether the parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E): the parties agree

## III. **<u>Trial:</u>**

This is an ERISA case that will be decided by the Court on cross motions for judgment without a trial.

A. State whether there has been a jury demand: N/A

B. Provide the date by which the parties anticipate being ready for trial? N/A

C. Estimate the length of trial: N/A

**IV. Consent and Settlement Discussions:**

A. The court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge. State whether all parties unanimously consent to proceed before the Magistrate Judge:

The parties do not unanimously consent.

B. State whether any settlement discussions have occurred and the status of any settlement discussions. (Do not provide any particulars of any demands or offers that have been made.): No settlement discussions have occurred.

C. State whether the parties request a settlement conference at this time: No

Respectfully submitted,

By: */s/ Richard D. Grossman (with consent)*
Attorney for Plaintiff,
Aharon Solomon, Ph.D.

Richard D. Grossman
Law Offices of Richard Grossman
135 South LaSalle Street, Suite 3950
Chicago, Illinois 60603
P: 312-750-9308
rgat135@gmail.com

By: */s/ Jacqueline J. Herring*
Attorney for Defendant,
Standard Insurance Company

Jacqueline J. Herring (IL-6282246)
HINSHAW & CULBERTSON LLP
151 North Franklin St., Suite 2500
Chicago, Illinois 60606
P: 312-704-3975
jherring@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2026, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system, which will send notification of such filing on the following attorney:

Richard D. Grossman
Law Offices of Richard Grossman
135 South LaSalle Street, Suite 3950
Chicago, Illinois 60603
rgat135@gmail.com

*/s/ Jacqueline J. Herring*
HINSHAW & CULBERTSON LLP
151 North Franklin St. Suite 2500
Chicago, Illinois 60606
P 312.704.3975 | F 312.704.3001
JHerring@hinshawlaw.com
Ill. Bar No. 6282246